United States District Court
Southern District of Texas
**ENTERED**
November 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LAKEITH AMIR-SHARIF, § | |
| TDCJ #01505969, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:16-CV-231 |
| § | |
| BRAD LIVINGSTON, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER OF REMAND

Plaintiff, LaKeith Amir-Sharif (TDCJ #01505969), is an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He filed a small claims action with the Justice of the Peace Court for Precinct 4, Place 1 of Brazoria County, Texas alleging that TDCJ personnel improperly confiscated several shirts that had been mailed to him (Dkt. 1-2). *See* Brazoria County Civil Case Number GSC16-031. The defendants removed the case to this Court on the basis of federal-question jurisdiction (Dkt. 1). Amir-Sharif has not filed a motion to remand, but the Court may consider the question of whether it has subject matter jurisdiction *sua sponte*. *Johnston v. United States*, 85 F.3d 217, 218 n. 2 (5th Cir. 1996). The Court concludes that it lacks subject matter jurisdiction and will remand the case. *See* 28 U.S.C. § 1447(c).

I.     "ARISING UNDER" JURISDICTION

Removal of a civil action brought in state court is allowed if the federal district court would have had original jurisdiction over that action. *See* 28 U.S.C. § 1441(a). Because it implicates important federalism concerns, removal jurisdiction is strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997). Any doubts concerning removal must be resolved in favor of remand—*Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)—and the federal court "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal has the burden of proving that federal subject matter jurisdiction exists. *Id.*; *Frank*, 128 F.3d at 921–22.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. An action can "arise under" federal law as contemplated in Section 1331 in two ways. The first and more obvious way is where a well-pleaded complaint explicitly asserts a cause of action created by federal law.[1] *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008). The second way is where a well-pleaded complaint asserts a state-law cause of action that "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[.]" *Venable*, 740 F.3d at 941 (quoting *Grable &*

---

[1] For instance, Amir-Sharif filed an original petition in Texas state court earlier this year that was properly removed to this Court because he specifically pled claims under Section 1983. *See* Southern District of Texas Case Number 3:16-CV-44, Dkt. 1-2 at p. 3.

*Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (brackets omitted); *see also Singh*, 538 F.3d at 338. Under the well-pleaded complaint rule, the court limits its inquiry to "what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Venable*, 740 F.3d at 942 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)).

A state-law cause of action does not raise a federal issue simply because the parties may ultimately litigate a federal issue. *Venable*, 740 F.3d at 942–43; *Singh*, 538 F.3d at 338. And a civil action does not arise under federal law by dint of a mere "mention of federal law" in its articulation of a state-law claim. *Howery*, 243 F.3d at 917–19. Rather, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Venable*, 740 F.3d at 943 (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)) (brackets and capitalization omitted); *see also Singh*, 538 F.3d at 338 (noting that resolution of the federal issue must be "*necessary* to resolution of the state-law claim") (emphasis added).

Ultimately, the determination of whether a state-law claim raises a federal issue that confers subject matter jurisdiction on the federal courts is a fact-specific one over which federal courts have considerable discretion. The courts are to employ, "with an eye to practicality and necessity[,] a selective process which picks the substantial causes out of the web and lays the other ones aside" in an effort to attain "something of that common-sense accommodation of judgment to kaleidoscopic situations which

characterizes the law in its treatment of causation[.]" *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 20–21 (1983) (quotation marks and citation omitted); *see also Grable*, 545 U.S. at 317–18 (describing the inquiry as a "contextual" one for which there is no "bright-line rule"); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814 (1986) ("Far from creating some kind of automatic test, *Franchise Tax Board* thus candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction.").

## II.    THE PLEADINGS

In their notice of removal, the defendants contend that "it appears on the face of [Amir-Sharif's state-court pleading] that this cause of action arises under the Constitution and the laws of the United States" because "[Amir-Sharif] brought this civil action in state court against Defendants under . . . 42 U.S.C. § 1983 alleging Defendants violated his rights to due process, petition the courts, equal protection and free speech" (Dkt. 1 at pp. 1–2). The defendants say nothing else about federal jurisdiction, and the Court disagrees with their characterization of Amir-Sharif's claims. Amir-Sharif's state-court pleading explicitly invokes Texas common-law and statutory causes of action—including the Texas Theft Liability Act, the Texas Uniform Declaratory Judgment Act, conversion, negligence, and trespass—but makes no mention of Section 1983 or any other federal law (Dkt. 1-2 at p. 3). It is true that Amir-Sharif twice alludes to "substantive due process" and once mentions "the United States Constitution and Texas Constitution's access to courts, right to petition, equal protection, due process, due course of law, and freedom of speech provisions" (Dkt. 1-2 at pp. 3, 4, 13). But these few unadorned, passing references

do not suffice to create a federal question; they are at most "tangential and inessential federal components" of what is, at bottom, clearly a state-law claim for the conversion of property. *See Howery*, 243 F.3d at 917–19. In fact, by all appearances, they are not federal components of a state-law claim at all: the vague reference to "substantive due process" appears to invoke the Texas Constitution, not the federal one,[2] and the various other Constitutional provisions are listed (somewhat oddly) as bases for jurisdiction, not as grounds for relief.[3]

Amir-Sharif only explicitly pled state-law claims in his state-court pleading, so the *Grable* test requires the defendants to show that resolution of Amir-Sharif's claims will necessarily entail the resolution of a disputed, substantial federal issue and that this Court can exercise jurisdiction without disturbing the balance of federal and state judicial responsibilities. *Singh*, 538 F.3d at 337–40. The defendants have not carried their burden. Notably, Amir-Sharif's ability to sue under Texas law for conversion for the confiscation

---

[2] The "due course of law" clause of Article I, Section 19 of the Texas Constitution contains a substantive due process component—*see Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 80–87 (Tex. 2015)—and Amir-Sharif lumps "substantive due process" in with his other Texas claims:
> This lawsuit is initiated pursuant to Chapter 134 of the Texas Civil Practice and Remedies Code—aka "the Texas Theft Liability Act"—plus the Texas Uniform Declaratory Judgment Act & the Texas common law statutes governing conversion, gross negligence, negligence, tresspass [sic], and substantive due process violations.
> Dkt. 1-2 at p. 3.

[3] The full paragraph reads:
> In addition to the United States Constitution and Texas Constitution's access to courts, right to petition, equal protection, due process, due course of law, and freedom of speech provisions that provides [sic] this Court jurisdiction over this matter, this Court also has subject matter jurisdiction pursuant to Tex. Gov't Code §27.031, §27.033, and §27.060.
> Dkt. 1-2 at pp. 4–5.

of his property actually precludes him from stating a cognizable claim under Section 1983. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994).

Based on the foregoing, the Court **ORDERS** as follows:

1. On the Court's own motion, this case is **REMANDED** to the Justice of the Peace Court for Precinct 4, Place 1 of Brazoria County, Texas.

2. All pending motions are **DENIED** as moot.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to mail a certified copy of this order to the District Clerk of Brazoria County, Texas and the Chief Clerk of the Justice of the Peace Court for Precinct 4, Place 1 of Brazoria County, Texas.

SIGNED at Galveston, Texas, this 21st day of November, 2016.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge